UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------X
SULTAN MALIK,

                Plaintiff,

    -against-                          **COMPLAINT**

CRAIG L. SKELLY, RANDY BANKS,       **JURY TRIAL DEMANDED**
SHAWN D. PIERSON, TIMOTHY J.
HABLE, JOEL R. AYERS, SEAN F.
DAVIS and DAVID NAPOLI,

                Defendants.
------------------------------X

        Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

        1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

        2. That at all times herein mentioned, plaintiff was and is an inmate at the Southport Correctional Facility (Southport), under the care, custody and control of the New York Department of Correctional Services (DOCS).

        3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

        4. That at all times herein mentioned, defendant Craig L. Skelly (Skelly) was and is a corrections officer employed at Southport by DOCS.

        5. That at all times herein mentioned, defendant Randy Banks (Banks) was and is a corrections officer employed at Southport by DOCS.

6. That at all times herein mentioned, defendant Shawn D. Pierson (Pierson) was and is a corrections officer employed at Southport by DOCS.

7. That at all times herein mentioned, defendant Timothy J. Hable (Hable) was and is a corrections officer employed at Southport by DOCS.

8. That at all times herein mentioned, defendant Joel R. Ayers (Ayers) was and is a corrections officer employed at Southport by DOCS.

9. That at all times herein mentioned, defendant Sean F. Davis (Davis) was and is a corrections officer employed at Southport by DOCS.

10. That at all times herein mentioned, defendant David Napoli was and is employed by DOCS as superintendent of Southport.

11. That at all times herein mentioned, defendants were acting within the course and scope of their employment with DOCS.

12. That at all times herein mentioned, defendants were acting under color of state law.

13. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Eighth and Fourteenth Amendments to the United States Constitution.

## VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

14. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

15. That beginning in or around June of 2008, defendants engaged in a pattern of conduct involving assaults upon, threats against, harassment of, and retaliation

against plaintiff and/or failed to intervene on plaintiff's behalf to prevent these assaults, threats, harassment and retaliation.

16. That on or about June 17, 2008, Skelly intentionally, maliciously and without justification struck plaintiff in the chest.

17. That on or about June 17, 2008, Banks observed Skelly strike plaintiff in the chest and failed to intervene or take any steps to prevent same, although Banks had an opportunity to do so.

18. That on or about June 18, 2008, plaintiff filed a grievance against Skelly and Banks in connection with the aforementioned incident.

19. That in retaliation for plaintiff having filed the aforementioned grievance, plaintiff immediately was subjected to additional harassment, threats and intimidation by and on behalf of Skelly and Banks.

20. That on or about June 27, 2008, plaintiff filed another grievance against Banks alleging that Banks was harassing plaintiff.

21. That in further retaliation for the grievances filed and complaints made by plaintiff, plaintiff immediately was subjected to additional harassment, threats and intimidation, was denied food, water, electricity, and toilet facilities, was falsely accused of misconduct, and was otherwise subjected to cruel and unusual treatment by and on behalf of Skelly, Banks and Pierson.

22. That as a consequence of the aforementioned mistreatment, plaintiff experienced extreme emotional distress.

23. That as a consequence of the aforementioned mistreatment, plaintiff verbalized thoughts of harming himself.

24. That beginning on June 29, 2008, plaintiff was placed on suicide watch.

25. That on July 2, 2008, plaintiff was scheduled to be transferred temporarily to Attica Correctional Facility (Attica) for psychiatric evaluation in connection with suicidal ideations.

26. That while plaintiff was in a van in preparation for his transfer to Attica, he was brutally attacked, collectively, by Hable, Ayers and Davis, without justification.

27. That the aforesaid attack consisted of, among other things, punching, kicking and stomping plaintiff in various parts of the body, choking plaintiff with a seatbelt, and striking plaintiff with a baton.

28. That when plaintiff arrived at Attica on July 2, 2008, Hable continued the unjustified brutal attack on plaintiff by, among other things, punching plaintiff in the face and choking plaintiff.

29. That during the aforementioned attack by Hable at Attica, Ayers stood by as a lookout and failed to intervene to prevent the attack.

30. That the aforementioned acts against plaintiff by Hable, Ayers and Davis were in retaliation for the grievances and complaints plaintiff filed against Southport corrections officers.

31. That on July 2, 2008, Hable then filed a misbehavior report against plaintiff, falsely accusing plaintiff of assaulting Hable that day, and Ayers endorsed the report.

32. That the filing and endorsement of the false misbehavior report were done by Hable and Ayers in further retaliation for the grievances and complaints plaintiff filed against Southport corrections officers, and to cover up their own criminal conduct in brutally attacking plaintiff on July 2, 2008.

33. That as a result of the false misbehavior report filed against plaintiff, plaintiff was sentenced to approximately eighteen months in the Special Housing Unit (SHU) and incurred other penalties.

34. That thereafter plaintiff continued to file grievances and complaints against Southport corrections officers in connection with the aforementioned acts.

35. That on or about November 26, 2008, while plaintiff was housed in D Block at Southport, Ayers verbally threatened and harassed plaintiff.

36. That on or about November 27, 2008, while plaintiff was housed in D Block at Southport, Ayers verbally threatened and harassed plaintiff.

37. That the threats and harassment by Ayers were in further retaliation for the grievances and complaints plaintiff filed against Southport corrections officers.

38. That on January 9, 2009, Skelly denied plaintiff food to which plaintiff was entitled.

39. That on January 13, 2009, Davis denied plaintiff food to which plaintiff was entitled, and threatened plaintiff by miming that portion of the July 2, 2008 attack wherein plaintiff was choked with a seatbelt.

40. That the denial of food by Skelly and Davis and the threat by Davis were in further retaliation for the grievances and complaints plaintiff filed against Southport corrections officers.

41. That on April 1, 2009, in the main corridor of the facility, at or around the main entrance of A Block, Ayers punched Malik in the face and verbally threatened Malik.

42. That the aforesaid punch and verbal threat by Ayers were in further retaliation for the grievances and complaints plaintiff filed against Southport corrections officers.

43. That the aforementioned acts by Skelly, Banks, Pierson, Hable, Ayers and Davis were intentional and malicious in nature, and were knowingly in violation of plaintiff's rights under the Constitution of the United States of America.

44. That as a result of the aforementioned acts by Skelly, Banks, Pierson, Hable, Ayers and Davis, plaintiff sustained multiple physical, emotional and psychological injuries, endured and will continue to endure conscious pain and suffering and loss of enjoyment of life, endured and will continue to endure atypical and significant hardship in relation to the ordinary incidents of prison life, and has otherwise been damaged.

## PERSONAL INVOLVEMENT OF DEFENDANT NAPOLI

45. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

46. That on multiple occasions subsequent to June 17, 2008, Napoli was notified both by plaintiff and by others of the assaults, harassment, threats, and other abuse perpetrated against plaintiff by Skelly, Banks, Pierson, Hable, Ayers and Davis.

47. That on multiple occasions subsequent to June 17, 2008, plaintiff and others notified Napoli of the aforementioned abuse by Southport corrections officers

against plaintiff, placed Napoli on notice that as a result of this ongoing abuse plaintiff was not safe at Southport, and requested of Napoli that he intervene and take steps to prevent further abuse against plaintiff and to arrange for plaintiff's transfer out of Southport.

48. That subsequent to June 17, 2008 Napoli reviewed videotapes depicting the abuses against plaintiff by various Southport corrections officers, and therefore had firsthand knowledge of these abuses.

49. That at all times herein mentioned, Napoli also knew that the corrections officers in question had propensities for violence and inmate abuse, and were unfit to be employed as corrections officers.

50. That Napoli was on notice that on December 4, 2001, Banks reportedly assaulted and battered another Southport inmate, Chris Applegate (Applegate).

51. That Napoli was on notice that on September 7, 2002, Hable reportedly assaulted and battered another Southport inmate, Akril Johnson (Johnson), and then filed a false misbehavior report against Johnson.

52. That Napoli was on notice that on November 2, 2002, Hable reportedly assaulted and battered Johnson.

53. That Napoli was on notice that on July 5, 2005, Hable reportedly assaulted and battered another Southport inmate, Andre Smith (Smith).

54. That Napoli was on notice that on February 6, 2007, Ayers reportedly threatened Applegate in retaliation for Applegate's having filed a grievance against Southport corrections officers.

55. That Napoli was on notice that on February 7, 2008, Skelly reportedly assaulted and battered another Southport inmate, Daryl Jackson.

56. That Napoli was on notice that in July 2008, Skelly and Banks reportedly attacked and broke the leg of another Southport inmate, Carl Tillman, after Tillman agreed to testify on behalf of plaintiff in a hearing that was held on a misbehavior report filed by Skelly and Banks against plaintiff.

57. That Napoli was on notice that on or about November 22, 2008, Davis reportedly assaulted and battered another Southport inmate, Tony Tacheau.

58. That Napoli was on notice that in 2008, Ayers and Skelly reportedly assaulted and battered Smith in retaliation for Smith having filed a grievance about conditions at Southport.

59. That Napoli was on notice that in 2008, Davis reportedly used excessive force against and denied food to another Southport inmate, Troy Brooks, in retaliation for Brook's having filed a grievance about conditions at Southport.

60. That Napoli was on notice that on March 11, 2009, Ayers reportedly attacked another Southport inmate, Malik Edwards, in the back of a van by punching Edwards in the head and choking Edwards with a seatbelt.

61. That despite Napoli's knowledge of the abuse perpetrated against plaintiff by Skelly, Banks, Pierson, Hable, Ayers and Davis, his knowledge that these officers had and have propensities for violence, and his knowledge that these officers were and are unfit to be employed as corrections officers, Napoli permitted and continues to permit these offices to work at Southport and to have charge of plaintiff, failed and continues to fail to intervene to prevent further abuse against plaintiff by these officers,

and failed and continues to fail to arrange for plaintiff to be transferred out of Southport or even out of harm's way from the abovementioned corrections officers.

62. That the aforesaid actions by Napoli evince a deliberate indifference to the rights and safety of plaintiff.

63. That the aforesaid actions by Napoli evince gross negligence in managing subordinates who committed violations of plaintiff's constitutional rights.

64. That the aforesaid actions by Napoli have caused plaintiff to endure additional abuse at the hands of the aforementioned corrections officers.

65. That permitting plaintiff to remain at Southport threatens the life and safety of plaintiff, and will result in irreparable harm to plaintiff by subjecting him to additional abuse.

66. That plaintiff has no adequate remedy at law to prevent further acts of assault and battery, harassment, threats, retaliation and other abuse against him by Southport corrections officers.

## FIRST CAUSE OF ACTION AGAINST SKELLY, BANKS, PIERSON, HABLE, AYERS AND DAVIS
### (First Amendment)

67. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

68. That the aforementioned acts by Skelly, Banks, Pierson, Hable, Ayers and Davis were in violation of the rights guaranteed to plaintiff under the First Amendment to the US Constitution to freedom of speech and freedom to petition the government for a redress of grievances.

69. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

## SECOND CAUSE OF ACTION AGAINST SKELLY, BANKS, PIERSON, HABLE, AYERS AND DAVIS
(Eighth Amendment)

70. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

71. That the aforementioned acts by Skelly, Banks, Pierson, Hable, Ayers and Davis were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

72. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

## THIRD CAUSE OF ACTION AGAINST SKELLY, BANKS, PIERSON, HABLE, AYERS AND DAVIS
(Fourteenth Amendment)

73. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

74. That the aforementioned acts by defendants Skelly, Banks, Pierson, Hable, Ayers and Davis were in violation of the substantive due process rights guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

75. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### FOURTH CAUSE OF ACTION AGAINST SKELLY, BANKS, PIERSON, HABLE, AYERS AND DAVIS
(State Law Causes of Action)

76. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

77. That in the event it is determined that any of the aforementioned acts or failures to act alleged against Skelly, Banks, Pierson, Hable, Ayers or Davis was performed outside the scope of the defendant's employment or not in the discharge of the defendant's duties as an officer of DOCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from those defendants under state law claims of assault and battery and intentional infliction of emotional distress.

78. That the state law causes of action herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

### FIFTH CAUSE OF ACTION AGAINST NAPOLI
(Personal Involvement in Constitutional Violations)

79. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

80. That by virtue of Napoli's failure to remedy the constitutional violations of plaintiff's constitutional rights, after having learned of those violations, his tolerance of a policy under which unconstitutional practices occurred and were allowed to occur, and his gross negligence in managing subordinates who committed those violations, Napoli has violated plaintiff's rights under the First, Eighth and Fourteenth Amendments to the US Constitution.

81. That as a result thereof, plaintiff is entitled to recover damages from Napoli pursuant to 42 USC § 1983.

## SIXTH CAUSE OF ACTION AGAINST SKELLY, BANKS, PIERSON, HABLE, AYERS, DAVIS and NAPOLI
### (Injunction)

82. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

83. That as a result of the ongoing threats, harassment, assaults, and other abuse perpetrated and/or permitted by defendants against plaintiff, plaintiff is entitled to a judgment permanently enjoining defendants from any further threats, harassments, assaults, and abuse, and transferring plaintiff out of Southport Correctional Facility.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, on the aforementioned causes of action, as follows:

Plaintiff seeks compensatory damages against defendants, each in the amount of Two Million ($2,000,000.00) Dollars; and

Plaintiff seeks punitive damages against defendants, each in the amount of Two Million ($2,000,000.00) Dollars; and

Plaintiff seeks an injunction against defendants, enjoining them from committing any further threats, harassment, assaults, or other abuse, and compelling defendant Napoli to arrange for plaintiff's transfer out of Southport Correctional Facility; and

Plaintiff seeks attorney's fees pursuant to 42 USC § 1988; and

Plaintiff seeks interest and the costs and disbursements of this action.

Dated:  New York, New York
       May 28, 2009

                                            Yours, etc.
                                            Sivin & Miller, LLP

                                            By_____
                                              Edward Sivin
                                          Attorneys for plaintiff
                                          170 Broadway
                                          New York, NY  10038
                                          (212) 349-0300

Case No.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SULTAN MALIK,

            Plaintiff,

      -against-

CRAIG L. SKELLY, RANDY BANKS, SHAWN D. PIERSON, TIMOTHY J. HABLE, JOEL R. AYERS, SEAN F. DAVIS and DAVID NAPOLI,

            Defendants.

## COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462