# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

SULTAN MALIK,

                              Plaintiff,

      -vs-

CRAIG L. SKELLY, RANDY BANKS, SHAWN D. PIERSON, TIMOTHY J. HABLE, JOEL R. AYERS, SEAN F. DAVIS and DAVID NAPOLI,

                             Defendants.

DECISION & ORDER
09-CV-6283

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Edward Sivin, Esq.<br>170 Broadway Suite 60<br>New York, New York 10038<br>(212) 349-0300 |
| For Defendants: | Gary M. Levine, A.A.G.<br>New York State Attorney General's Office<br>144 Exchange Boulevard, Suite 200<br>Rochester, New York 14614<br>(585) 546-7430 |

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights case is before the Court on Plaintiff's motion (Docket No. 6) for entry of a default judgment and Defendants' motion (Docket No. 8) to set aside the Clerk's Default entered against them. Plaintiff claims that he properly served Defendants and they willfully ignored the lawsuit. Defendants counter they were never served, and, in any event, have a meritorious defense. For the reasons stated below,

Plaintiff's application is denied, Defendants' application is granted, and the Clerk is directed to set aside the default.

## FACTUAL BACKGROUND

Plaintiff commenced this lawsuit by the filing of a complaint with the Court on June 1, 2009. In his complaint, Plaintiff alleges that,

> beginning in or around June of 2008 defendants Craig L. Skelly, Randy Banks, Shawn D. Pierson, Timothy J. Hable, Joel R. Ayers, and Sean F. Davis, corrections officers at Southport, engaged in a pattern of conduct involving the use of excessive force against, harassment of, and retaliation against plaintiff in violation of plaintiff's rights under the First, Eighth, and Fourteenth Amendments to the US Constitution. Plaintiff also alleges that defendant David Napoli, the superintendent of Southport, knew of his co-defendants' conduct, knew that his co-defendants had a history of using excessive force against inmates at Southport, and failed and refused to intervene on plaintiff's behalf.

(Pl.'s Mem. of Law 2.)

On two dates, Plaintiff's counsel corresponded with one of the defendants, David Napoli ("Napoli"), first on April 20, 2009, and again on July 16, 2009. In his first letter to Napoli, Plaintiff's counsel states that he advised Napoli "that a lawsuit was being prepared in connection with the allegations of abuse against plaintiff by various Southport corrections officers." (Siven Decl. Ex. 1.) Then, in his second letter to Napoli, Plaintiff's counsel "referenced the lawsuit that had already been commenced by plaintiff against Napoli and other corrections officers." (Sivin Decl. Ex. 2.) Finally, on July 20, 2009, Plaintiff further claims that Napoli wrote to Plaintiff's counsel and acknowledged having received the July 16, 2009 letter. (Siven Decl. Ex. 3.)

Initially, each defendant submitted what the Court, at oral argument, characterized as a form affidavit, merely reciting in conclulsory terms that he had not been served and

denying he had done anything to violate Plaintiff's constitutional rights. (*See* Declarations by Banks, Davis, Hable, Napoli and Pierson, Docket Nos. 9–13, filed Sept. 11, 2009, and Declarations by Ayers and Skelly, Docket Nos. 18 & 19, filed Sept. 18, 2009.) The Court heard oral argument on January 14, 2010, at which time the Court reserved decision, directed Plaintiff's counsel to send a letter to Court advising whether Plaintiff would conduct limited discovery on the issue of whether Defendants have raised a meritorious defense, and gave the defendants until January 28, 2010, to make further submissions in support of their application.

On January 27, 2010, Banks, Ayers, Napoli, Davis, Pierson, Hable and Skelly each submitted a declaration in further support of their motion to set aside the Clerk's entry of default. The new declarations contain additional details. Skelly's declaration includes the following:

> 3. I have not been served with a summons and/or complaint in this action. This means that I have never been provided with a copy of the summons and/or complaint except by my attorney as part of the default application.
>
> 4. I respectfully submit that any default was not willful. If I had received a copy of the summons and/or complaint, I would have followed the procedure and contacted the facility Inmate Records Coordinator and requested representation by the Attorney General's Office.
>
> 5. Plaintiff contends that I assaulted, retaliated and otherwise violated his constitutional rights. I deny any such conduct.
>
> 6. Plaintiff claims that on June 17, 2008 I struck plaintiff on the chest. I did not strike plaintiff.

(Skelly Decl. ¶¶3–6, Docket No. 29.) Hable's declaration contains, in addition, the following:

> 6. Although on July 2, 2008 there was a use of force, neither I nor anyone in my presence, attacked, punched, choked, kicked or stomped on plaintiff. I deny the actions alleged and further deny that anything that happened, including the writing of the misbehavior report, was not in retaliation for plaintiff's grievances and complaints.
>
> 7. I did not threaten nor harass nor otherwise retaliate against plaintiff.

(Hable Decl. ¶¶6–7, Docket No. 28; *see also* Davis Decl. ¶6, Docket No. 26.) Pierson's includes additional detail pertinent to him: "The only place in the complaint I am accused of specific conduct is in paragraph 21. Plaintiff specifically alleged that on unstated dates I deprived plaintiff of food, water, electricity, toilet facilities and falsely accused plaintiff of misconduct. I deny these allegations." (Pierson Decl. ¶6, Docket No. 27.) As to Plaintiff's allegations against him as a supervisor, Napoli in his declaration states:

> 7. Plaintiff alleges that I was grossly negligent in managing subordinates who allegedly committed constitutional violations. I deny such allegations.
>
> 8. I do not know of propensities of violence of the defendants to this lawsuit.
>
> 9. I deny that the officers accused by plaintiff in this lawsuit were unfit to be employed as corrections officers.

(Napoli Decl. ¶¶7–9, Docket No. 25.) Ayers' declaration addresses allegations specific to him:

> 6. Although on July 2, 2008 there was a use of force, neither I nor anyone in my presence, attacked, punched, kicked or stomped on plaintiff. Plaintiff alleged that I acted as a lookout and failed to intervene-this is not true. I deny the actions alleged and further deny that anything that happened, including the writing of the misbehavior report, was not in retaliation for plaintiff's grievances and complaints.
>
> 7. I further specify that on November 26, 2008 and November 28, 2008 I did not threaten nor harass nor otherwise retaliate against plaintiff.

> 8. I further clarify that on April 1, 2009 I did not punch plaintiff nor did I threaten plaintiff.

(Ayers Decl. ¶¶6–8, Docket No. 24.) Finally, Banks' declaration includes the following additional details regarding allegations against him:

> 6. Plaintiff specifically asserts that on June 17, 2008 I observed CO Skelly strike plaintiff on the chest and failed to intervene. I did not see anyone strike plaintiff.
>
> 7. I did not threaten nor harass nor otherwise retaliate against plaintiff. I did not deny plaintiff with food, water, electricity, toilet facilities nor falsely accuse plaintiff.

(Banks Decl. ¶¶6–7, Docket No. 23.)

In a letter dated January 19, 2010, Plaintiff's counsel informed the Court that Plaintiff elected not to conduct any discovery with regard to whether Defendants' default was willful. Included in his letter was an affidavit of Rick Backert ("Backert"), a process server, detailing the method he employed to serve the summonses and complaints on Defendants. In his affidavit, Bachert states that he arrived at approximately 9:30 a.m. at Southport Correctional Facility on June 22, 2009, and that he approached the front desk inside the visitor's entrance and spoke with a female corrections officer. Backert continues that he told the woman he had summonses and complaints to serve on several correctional officers and on Superintendent Napoli, to which she responded, "Not at my facility you don't," and refused to accept the papers. Backert explains that he then asked to speak with her supervisor, a man identified to Backert as Sergeant Hannah, who told him, "Take your fucking papers and get out of there."

According to Backert, he then sought additional guidance from Plaintiff's counsel, who instructed him to reenter the facility and leave the papers with Hannah. Backert,

before reentering, spoke by phone with Mrs. Chorney, the secretary for the deputy superintendent of security, who informed him that any officer at the front desk could accept the papers. Backert reentered, encountered the same woman he had seen earlier, who told him to leave the premises. Backert related to her his conversation with Chorney, and Hannah then stated, "You're not leaving those papers here." Backert then left the seven copies of summonses and complaints on the front desk and told Hannah that per Chorney's advice, he was serving the defendants by leaving the papers with Hannah. Backert then relates that, "Sgt. Hannah then swiped his arm across the desk causing the papers to fall to the ground, and he told me: 'These are going in the shredder.'" (Backert Aff., Sept. 18, 2009.)

In addition to Backert's affidavit, Plaintiff's counsel has also stated, in his own declaration (Docket No. 6), that besides attempting personal service on Defendants, he mailed the summonses and complaints to each of the defendants at the correctional facility. (Siven Decl. ¶4.)

## STANDARDS OF LAW

The parties agree on the standards of law applicable to this motion. As the Honorable Michael A. Telesca of this Court noted in *Dengel v. Dearden*, No. 06-CV-6279, 2007 U.S. Dist. LEXIS 9540 (W.D.N.Y. Feb. 9, 2007):

> Default judgments are, however, disfavored. *See Pecarsky v. Galaxiworld.Com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("A clear preference exists for cases to be adjudicated on the merits."); *Shah v. N.Y. State Dept. of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). The Court prefers a liberal construction of Rule 55 because it is preferable to resolve disputes based on the merits of the case, rather than on the procedural technicalities. *See Richardson Greenshields Secs., Inc. v. International Petroleum Corp.*, 1985 U.S. Dist. LEXIS 20974, 1985 WL 480 at *3 (S.D.N.Y. 1985). Whether or not

> default judgment should be entered is a decision that is left to the sound discretion of the Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)….
>
> Rule 55 of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default "for good cause shown." *See* Fed. R. Civ. P. 55(c). "When deciding whether to relieve a party from default or default judgment, [the Court] consider[s] the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *See Pecarsky*, 249 F.3d at 171. Any doubt should be resolved in favor of the defaulting party. *See Power-serve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

*Dengel*, 2007 U.S. Dist. LEXIS 9540 at *5–*7. In *Arista Records, Inc., v. Musemeci*, No. 03 CV 4465 (DGT)(RML), 2007 US Dist. LEXIS 81630 (E.D.N.Y. Sep. 19, 2007), the Eastern District reviewed the issue of willfulness of the default:

> A default is deemed willful where a defendant simply ignores the complaint without action. *Yan v. Bocar*, No. 04 Civ. 4194, 2005 U.S. Dist. LEXIS 28390, 2005 WL 3005338, at * 13 (S.D.N.Y. Sept. 8, 2005) (citation omitted); *see also Gumbs & Thomas Publishers, Inc., v. Lushena Books*, No. 99-CV -3608, 2003 US Dist. LEXIS 6495, 2003 WL 21056983, at *2 (E.D.N.Y. Mar. 3, 2003) ("[c]ourts have held a default to be willful when a defendant knew about the complaint and failed to respond….").

*Arista Records, Inc.*, 2007 US Dist. LEXIS 81630, at *12-13.

**ANALYSIS**

Though the Court notes Defendants' original affidavits in support of lifting the default were merely "cookie-cutter" and conclusory, the present declarations presented by Defendants address the issues of willfulness and meritorious defense. The Court finds that Defendants' claims that they did not receive service, despite the elaborate manner in which Plaintiff's counsel attempted to secure service in accordance with New York law, are credible. Further, the Court determines that Defendants have raised meritorious defenses

to the allegations against them. In exercising its discretion, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), the Court determines that the Clerk's entry of default should be vacated and that Defendants should be permitted to file answers, or move against the complaint.

## CONCLUSION

Defendants' motion (Docket No. 8) to set aside the Clerk's entry of default (Docket No. 5) is granted, and Plaintiff's motion (Docket No. 6) for entry of a default judgment, is denied.

IT IS SO ORDERED.

Dated: March 25, 2010
       Rochester, New York

               ENTER:

                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge