UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SULTAN MALIK,

                Plaintiff,

v.

CRAIG L. SKELLY,
RANDY BANKS,
SHAWN D. PIERSON,
TIMOTHY J. HABLE,
JOEL R. AYERS,
SEAN F. DAVIS and
DAVID NAPOLI,

                Defendants.

Case # 09-CV-6283-FPG

DECISION & ORDER

## Introduction

Plaintiff Sultan Malik is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), and brings this action under 42 U.S.C. § 1983. Plaintiff's complaint alleges that Defendants, who are six DOCCS correctional officers and the Superintendent of the Southport Correctional Facility ("Southport") violated his civil rights. Dkt. #1. More specifically, Plaintiff alleges that he was physically assaulted by several of the correctional officer Defendants while in their custody on two separate occasions. Plaintiff further alleges that he was retaliated against by the DOCCS Defendants for complaining about the alleged assaults, and that the facility Superintendent, David Napoli, was aware of these acts and failed to remedy the wrong.

Defendant Napoli has moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, arguing that the Complaint does not sufficiently allege his personal involvement in the alleged unconstitutional conduct. Dkt. #39. For the following reasons, the motion is denied.

Discussion

In ruling on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Defendants argue that the Complaint does not sufficiently allege the personal involvement by Superintendent David Napoli in any alleged constitutional violation. It is well settled that personal involvement is a prerequisite for the assessment of damages in a § 1983 action against a supervisory official in his individual capacity. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

The leading Second Circuit case regarding supervisory liability in a § 1983 action is *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). In *Colon*, the Second Circuit found that a supervisory defendant could be held liable for a constitutional violation committed by a subordinate if: (1) the supervisor participated directly in the alleged constitutional violation; (2) the supervisor, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the supervisor created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the supervisor was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the

supervisor exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon*, 58 F.3d at 873.

Defendants contend that *Colon* is, at least in part, no longer good law after the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). According to the Defendants, *Iqbal* eliminated most of the *Colon* factors, and they argue, citing *Bellamy v. Mount Vernon Hosp.*, No. 07 Civ. 1801(SAS), 2009 WL 1835939, at *6 (S.D.N.Y. Jun 26, 2009), that "only the first and part of the third *Colon* categories pass *Iqbal's* muster...The other *Colon* categories impose the exact types of supervisory liability that *Iqbal* eliminated – situations where the supervisor knew of and acquiesced to a constitutional violation committed by a subordinate." I disagree.

The Second Circuit has acknowledged that "*Iqbal* has, of course, engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in *Colon*." *Reynolds v. Barrett*, 685 F.3d 193, 205 n.14 (2d Cir. 2012). However, the Circuit has not overruled *Colon*, and as recently as June 19, 2013, cited *all five* of the *Colon* factors, stating only that *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain violations."

In this case, Defendant argues that the second *Colon* factor – namely that a supervisor, after being informed of the violation through a report or appeal, failed to remedy the wrong – was abrogated by *Iqbal*. Again, I disagree. In *LaMagna v. Brown*, 474 Fed.Appx. 788, 790 (2d Cir. 2012) (unpublished) the Second Circuit favorably cited *Colon* in determining that the dismissal of an amended complaint was warranted where, *inter alia*, there was "no allegation that [defendant] 'failed to remedy the wrong' once being informed of [plaintiff's] assault." The Second Circuit has yet to overrule *Colon*, and unless and until that happens, *Colon* remains good law.

3

The Complaint in this case sufficiently alleges facts that, if proven, could subject Napoli to potential liability under *Colon*. Amongst other things, the Complaint alleges that Napoli was aware that prison officials had assaulted Plaintiff, that Napoli "reviewed video tapes depicting the abuses against plaintiff" (Complaint at ¶ 48), and then failed to intervene or otherwise prevent further abuses against Plaintiff. At the pleading stage, where the Court "must accept as true all of the factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572, these allegations suffice to "raise a reasonable expectation that discovery will reveal evidence" of the charged conduct, *Twombly*, 550 U.S. at 556, especially in light of the Supreme Court's admonition that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* What discovery will or will not reveal, and what those revelations could equate to at the summary judgment stage is simply a different question for a different day.

## Conclusion

Based upon the foregoing, Defendant David Napoli's motion to dismiss the Complaint as against him (Dkt. #39) is DENIED.

IT IS SO ORDERED.

DATED:   September 23, 2013
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge