UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SULTAN MALIK,

                            Plaintiff,

                                                              DECISION AND ORDER

vs.

                                                              Case # 09-CV-6283-FPG

TIMOTHY HABLE and
SEAN DAVIS,

                            Defendants.

       After a four day trial, the Jury returned a verdict in favor of Plaintiff Sultan Malik, finding that Defendants Timothy Hable and Sean Davis utilized excessive force against him on July 2, 2008 in violation of Plaintiff's Eighth Amendment rights. The jury awarded Plaintiff $100,000 in compensatory damages, $150,000 in punitive damages against Defendant Hable, and $150,000 in punitive damages against Defendant Davis, for a total verdict of $400,000.

       Plaintiff's counsel originally sought an award of $160,807 in attorney fees under 42 U.S.C. § 1988 plus $6,595.50 in costs under Fed. R. Civ. P. 54(d). *See* ECF No. 102. Defendants filed a lengthy memo in opposition, ECF No. 107, and as part of Plaintiff's reply memorandum, counsel seeks an additional $8,606.70 for preparing that filing. ECF No. 108.

       For the following reasons, Plaintiff's applications are GRANTED IN PART. Plaintiff's counsel is awarded $124,904.30 in attorney fees, $2,638.56 in costs, and pursuant to 42 U.S.C. § 1997e(d)(2), Plaintiff shall utilize 1% of the jury verdict amount, or $4,000, towards satisfaction of the attorney fee award. The remaining balance of $120,904.30 in attorney fees is payable by Defendants, and is due to Plaintiff's counsel immediately.

## DISCUSSION

       42 U.S.C. § 1988(b) provides that a "prevailing party" may recover reasonable attorney's

fees for a successful action under Section 1983. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994).

In general, district courts have broad discretion to determine the reasonableness of requested attorney fees. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). In examining the reasonableness of claimed hours and rates, "the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Finch v. N.Y. State Office of Children & Family Servs.*, 861 F. Supp. 2d 145, 150 (S.D.N.Y. 2012).

However, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, significantly limits the attorney fee award in this case. Under Section 1997e(d)(3), an award covered by the PLRA may not be "based on an hourly rate greater than 150 percent of the hourly rate established" for counsel appointed under the Criminal Justice Act ("CJA"). In addition, Section 1997e(d)(2) limits the amount the defendant must pay in attorney fees to a maximum of 150% of the judgment. *See Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011). The PLRA requirements apply to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988." 42 U.S.C. §§ 1997e(d)(1)-(3). In addition, the PLRA requires that "[w]henever a monetary judgment is awarded in" certain actions, "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." *See* 42 U.S.C. § 1997e(d)(2).

After reviewing the parties' submissions, the Court makes the following determinations regarding the requested attorney fees and costs.

First, Defendants argue that Plaintiff has used the wrong hourly rate under the PLRA. Plaintiff requests an hourly rate of $219 for attorney time based on 150% of $146, which is the maximum rate authorized under the CJA. Defendants counter that the CJA rate of $129 in effect in the Western District of New York up to May 4, 2017 should be used, yielding a rate of $193.50 (150% of $129). The Second Circuit has not determined whether the maximum rate under the statute, or whether the rate in use (the "implemented" rate) should be used for this calculation. The vast majority of cases in this circuit use the implemented rate, and the Court finds the implemented rate to be the appropriate figure. *See, e.g., Hightower v. Nassau Cty. Sheriff's Dep't*, 343 F. Supp. 2d 191, 193 (E.D.N.Y. 2004) (Spatt, J.) ("In the Eastern District of New York, C.J.A. attorneys are paid a rate of $90 a hour, which, when multiplied by 150%, computes to an hourly rate of $135."). As such, the Court will award attorney fees at the rate of $193.50 per hour.

Next, Defendants argue that counsel's hourly rate should be adjusted from year to year, to correspond to the yearly changes in the CJA rate. The Court disagrees. As the Second Circuit stated, "it is within the discretion of the district court to make an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise….. In protracted litigation, therefore, a district court has the latitude to …calculate all hours at whatever rate is necessary to compensate counsel for delay." *Grant v. Martinez*, 973 F.2d 96, 100 (2d Cir. 1992). Here, this case was litigated over the course of 8 years, and the bulk of the hours requested correspond to the trial, which occurred in 2017. The Court finds that applying the May 2017 Western District of New York rate ($129, taken at 150%, which equates to $193.50) to all hours in the case is appropriate.

Defendants argue that the attorney rates sought ($219, which the Court has now determined to be $193.50) by counsel are excessive and inappropriate. The Court easily rejects this argument. There are countless cases in this district approving attorney fees in excess of $200 for attorneys

with similar experience to those in this case, and the Court finds $193.50 a reasonable hourly rate (in fact, if not limited by the PLRA, the reasonable rate would be higher) for the attorneys involved in this case.

Similarly, Defendants argument that Plaintiff overstaffed the case by having two attorneys and a paralegal present for trial is also without merit. Staffing a trial with two attorneys and a paralegal is not uncommon, and indeed, Defendants staffed the case with two attorneys themselves. In addition, an attorney from DOCCS counsels office was present in the gallery for the trial. Indeed, the presence of two attorneys on behalf of Plaintiffs permitted counsel to focus on trying the case while also obtaining photographs from DOCCS – pictures that were curiously missing and withheld until mid-trial, although they had been requested long before that. There is no doubt that the photos that were produced by DOCCS mid-trial presented the clearest depiction of the injuries that Plaintiff testified to. As Defense counsel knows, the photos they previously produced to Plaintiff (which were copies) did not clearly depict the injuries. The difference between the copies produced by Defendants pre-trial and the digitial images obtained during trial (which occurred only after the Court ordered defense counsel and DOCCS counsel to produce the original pictures) was nothing short of staggering. Counsel's argument that Plaintiff overstaffed the case is flatly rejected.

Regarding the appropriate rate for paralegal time billed by Akeem Williams, the Court agrees that Plaintiff's requested rate of $150 per hour is excessive. Defendants suggest that $75 is an appropriate rate, but the Court finds $100 to be appropriate for this district. As such, Mr. Williams' hours will be awarded at the rate of $100 per hour.

Defendants also argue that the present fee application fails to account for the fact that Plaintiff did not win on all of his causes of action or against all Defendants. While that statement about the verdict is true, it does not follow that a fee reduction is warranted. It is well settled that

4

"[a]ttorney's fees may be awarded for unsuccessful claims as well as successful ones ... where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." *See Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999). That was the case here. Plaintiff's unsuccessful Eighth Amendment claims were based on his contention that Defendant Skelly assaulted him in prison, and then while Plaintiff was being transported to another facility, Defendants Hable and Davis assaulted Plaintiff because Plaintiff complained about Skelly's prior acts. Under these circumstances, the claims are related, and the Court will not reduce counsel's fees on the ground that some time was dedicated to claims as to which Plaintiff did not prevail on at trial.

Further, the Court finds counsel's hours to be properly supported, including those spent in filing their reply memorandum, and further finds that the few undated entries in the original submission have now been properly substantiated by Plaintiff's reply submission.

The final matter regarding attorney fees is Defendants argument that the PLRA requires 25% of the judgment to be applied to any attorney fee award. The Court disagrees.

42 U.S.C. § 1997e(d)(2), provides that "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." The Second Circuit has observed that Section 1997e(d)(2) "requires that *up to* 25 percent of the plaintiff's judgment be used to pay the fee awarded against the defendant." *Blissett v. Casey,* 147 F.3d 218, 220 (2d Cir. 1998) (emphasis added); *Shepherd v. Goord*, 662 F.3d 603, 604 n. 1 (2d Cir. 2011) (affirming district court's allocation of 10% of his $1.00 monetary judgment to satisfy attorney's fees).

There is a wide variety of percentages and amounts that have been applied in cases across the circuit, which range from $1 to the full 25%. *See Berrian v. City of New York*, No. 13CV1719(DLC), 2014 WL 6604641, at *4 (S.D.N.Y. Nov. 21, 2014) ($1 out of a $65,000

5

judgment); *Hernandez v. Goord*, No. 01-CV-9585(SHS), 2014 WL 4058662, at *13 (S.D.N.Y. Aug. 14, 2014) (5%); *Shepherd v. Wenderlich*, 746 F. Supp. 2d 430, 433 (N.D.N.Y. 2010) (10% of a $1 judgment), aff'd, 662 F.3d 603 (2d Cir. 2011); *Baez v. Harris*, No. 9:01-CV-0807(NPM), 2007 WL 4556911, at *1 (N.D.N.Y. Dec. 20, 2007) (25%); *Livingston v. Lee*, No. 9:04-CV-00607-JKS, 2007 WL 4440933, at *2 (N.D.N.Y. Dec. 17, 2007) (15%); *Beckford v. Irvin*, 60 F. Supp. 2d 85, 89–90 (W.D.N.Y. 1999) (25%); *Clark v. Phillips*, 965 F. Supp. 331, 338 (N.D.N.Y. 1997) (25%).

Here, the Court finds that 1% of the judgment, which is $4,000, is the appropriate amount to be used by Plaintiff to satisfy a portion of the attorney fee award. That amount "will satisfy the PLRA's requirement that [Plaintiff] personally bear some portion of the fee award, and is sufficiently small that it will neither detract from the jury's decision to punish defendants by awarding punitive damages, nor deter prisoners from bringing meritorious claims in the future." *Hernandez v. Goord,* No. 01-CV-9585 SHS, 2014 WL 4058662, at *13 (S.D.N.Y. Aug. 14, 2014).

The final issue is Plaintiff's request for costs. As a general matter, "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, the ability to tax costs is not unlimited, and district courts are limited in awarding costs to those specifically authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987).

Here, the Court finds that Plaintiff's request for $3,956.94 in travel expenses for counsel and Plaintiff are not properly taxed. *See Anello v. Anderson*, 191 F. Supp. 3d 262, 286 (W.D.N.Y. 2016) (finding travel expenses not taxable as costs). The remainder of Plaintiff's costs are properly taxed against Defendants, and Plaintiff is awarded $2,638.56 in costs.

## CONCLUSION

For the following reasons, Plaintiff's attorney fee and costs applications (ECF No. 108) are GRANTED IN PART. Plaintiff's counsel is awarded $124,904.30 in attorney fees (645.5 attorney hours at $193.50 per hour plus 187 paralegal hours at $100 per hour), $2,638.56 in costs, and pursuant to 42 U.S.C. § 1997e(d)(2), Plaintiff shall utilize 1% of the jury verdict amount, or $4,000, towards satisfaction of the attorney fee award. The remaining balance of $120,904.30 in attorney fees is payable by Defendants, and is due to Plaintiff's counsel immediately.

    IT IS SO ORDERED.

Dated: September 29, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court